64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul R. HOESTEREY, Plaintiff-Appellant,
v.
CITY OF CATHEDRAL CITY; Jack R. Smith, Defendants-Appellees.
 No. 93-56239.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided Aug. 18, 1995.
 
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Hoesterey brought a 42 U.S.C. Sec. 1983 claim against the City of Cathedral City (City) and its City Manager, Smith. Hoesterey argued that he acquired a property interest in his job as Assistant City Manager, and that the City and Smith deprived him of this property without due process by discharging him without cause and without a hearing. Previously, we determined that Hoesterey's section 1983 claim was timely. Hoesterey v. City of Cathedral City, 945 F.2d 317 (9th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). On remand, the district court entered summary judgment in favor of the City and Smith, concluding that Hoesterey had no constitutionally protected property interest in his former job. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 * According to Hoesterey, Smith began pressuring him to resign from his position with the City in January 1985. Until that time, Hoesterey had been favorably reviewed, and had moved up the ranks to become Assistant City Manager. Eventually, Hoesterey did resign in November 1986. Before resigning, Hoesterey executed a severance agreement with Smith stating that he had agreed to take the Assistant City Manager position for a term of two years and was leaving because his term expired. Hoesterey contends that he was forced to create this record of employment in order to prevent future negative recommendations by the City or Smith regarding his job performance. If asked by prospective employers why he had left his job with the City, Hoesterey could show them the severance agreement. Hoesterey now contends, however, that the agreement was false and that he did not accept the position with the understanding that his job would end after a specific term. Hoesterey also asserts that he was told by Smith that his position was being eliminated, but found out after leaving the job that Smith hired someone new to fill the position.
 
 
 3
 After filing a grievance with the City, which the City denied as untimely, Hoesterey filed this action alleging that he had a constitutionally protected property interest in his job, and that the City and Smith deprived him of this property without due process by failing to give him a pre-termination hearing and by arbitrarily discharging him without any legitimate reason.
 
 
 4
 The City and Smith contend that the City's personnel rules do not create a constitutionally protected property interest in continued employment and that no understanding arose between Hoesterey and Smith or the City to create such a right. Furthermore, they assert that if Hoesterey had a property right, his failure to file a timely grievance with the City waived further recourse. Finally, they argue that any substantive due process claim must fail as a matter of law because a property right in continued employment is not protected by substantive due process.
 
 
 5
 Summary judgment is reviewed de novo. First Pacific Bank v. Gilleran, 40 F.3d 1023, 1024 (9th Cir.1994). We must determine whether, viewing the evidence in the light most favorable to Hoesterey, any genuine issues of material fact exist and whether the district court correctly applied the law. Id. We may affirm on any ground supported by the record. Id..
 
 II
 
 6
 Because the Due Process Clause of the Fourteenth Amendment does not provide a remedy for all wrongs, but prohibits only the deprivation of life, liberty, or property without due process, we must first decide whether Hoesterey had a property interest in continued employment protected by the Due Process Clause. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993) (Portman ). Hoesterey contends that he acquired a property interest in continued employment for two reasons. First, he argues that the City's personnel rules allowed for termination only for cause. Second, he argues that a "mutually explicit understanding" existed between himself and Smith that he could not be fired except for cause. The City and Smith resist both of these contentions.
 
 
 7
 "A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job." Id., citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972) ( Roth ). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Allen v. City of Beverly Hills, 911 F.2d 367, 369-70 (9th Cir.1990) (Allen ), quoting Roth, 408 U.S. at 577.
 
 
 8
 Constitutionally protected property interests can be created not only by statute, but also by contracts. San Bernardino Physicians' Serv. Med. Group v. San Bernardino County, 825 F.2d 1404, 1407-08 (9th Cir.1987) (Physicians' Service ). This due process protection extends not only to written contracts, id. at 1408, but to less formal agreements such as oral contracts or implied-in-fact contracts that are also enforceable under state law. Perry v. Sindermann, 408 U.S. 593, 601-02 (1972) (Perry ) ("[A]bsence of such an explicit contractual provision may not always foreclose the possibility that a teacher has a 'property' interest in re-employment. For example, the law of contracts in most, if not all, jurisdictions long has employed a process by which agreements, though not formalized in writing, may be 'implied.' "); Roth, 408 U.S. at 577 (citing Connell v. Higginbotham, 403 U.S. 207, 208 (1971), for the proposition that due process protections may be extended to public employees "hired without tenure or a formal contract, but nonetheless with a clearly implied promise of continued employment."). We have also held, however, that
 
 
 9
 [e]ven though every contract may confer some legal rights under state law, that fact alone need not place all contracts within federal due process protection. "Although the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."
 
 
 10
 Physicians' Service, 825 F.2d at 1408-09, quoting Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 9 (1978), quoting Roth, 408 U.S. at 577, and Perry, 408 U.S. at 601.
 
 
 11
 Thus, while it is ultimately a question of federal constitutional law whether the rights provided to Hoesterey under state law rise to the level of creating a "legitimate claim of entitlement" protected by the Due Process Clause, we must first look to state law to ascertain what rights Hoesterey has in continued employment. Clearly this is so in evaluating his claim that he has a property interest in his job by virtue of the City's personnel rules. But it is equally true of his claim that he acquired a property interest through certain mutual understandings between himself and Smith because this claim must also be established by the state law of contracts. See Perry, 408 U.S. at 602 n. 7 ("We do not now hold that the respondent has any such legitimate claim of entitlement to job tenure. For '[p]roperty interests are not created by the Constitution.' ... If it is the law of Texas that a teacher in the respondent's position has no contractual or other claim to job tenure, the respondent's claim would be defeated."). Our analysis of whether Hoesterey has a constitutionally protected property interest in continued employment must therefore proceed as follows. First, we must ascertain what rights Hoesterey had to continued employment under California law in light of the City's personnel rules and the representations or mutual understandings allegedly fostered by Smith. We must then determine, as a matter of federal law, whether those rights gave Hoesterey a "legitimate claim of entitlement" to continued employment.
 
 A.
 
 12
 We first turn to Hoesterey's contention that he acquired a property interest in continued employment by virtue of the City's personnel rules. Whether a statute creates a property interest depends upon the extent to which the state or city decisionmaker is constrained by "particularized standards or criteria." Allen, 911 F.2d at 370. A statute will create an entitlement to a governmental benefit only where the "statute sets out conditions under which the benefit must be granted or ... sets out the only conditions under which the benefit may be denied." Id. (emphasis in original; citation omitted).
 
 
 13
 The City's personnel rules provide for the dismissal of any City employee for 18 enumerated reasons and further state that "the City Manager's dismissal rights shall not be limited to only such reasons." The district court relied on this provision to conclude: "This language clearly gives the City Manager the discretion to terminate employees for any number of reasons ... [the discretion] is virtually unlimited ... [and therefore] the City Manager is not constrained by 'particularized standards or criteria.' "
 
 
 14
 Hoesterey argues that the rules implicitly provide that he can be terminated only for cause because the personnel rules list 18 reasons for dismissal, each of which constitutes some form of misfeasance, and they provide a process by which to appeal the dismissal to the City Council. We are not persuaded. Given the express statement in the personnel rules that the City Manager's authority to dismiss an employee is not limited by the list of possible reasons for termination expressly provided in the rules, we will not infer that the City Council intended to allow the City Manager to terminate employees only for cause. If the City Council intended to include a requirement that employees be terminated only for cause, it could easily have done so.
 
 
 15
 The personnel rules could be interpreted to permit the termination of an employee only for some reason (i.e., not arbitrarily) but not require that the employee be terminated only for misfeasance or "for cause." But even this reading of the personnel rules would not give Hoesterey a constitutionally protected property interest. Where the only substantive restriction placed on a city is that its decision to terminate employment must be "reasonable," or in "good faith," we have held that no property interest arises. Allen, 911 F.2d at 371; Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir.1980) ( Jacobson ). A city's discretion must be significantly constrained. Allen, 911 F.2d at 371. Therefore, even if the City needed a reason to discharge Hoesterey, a property right would not thereby be created. As any reason would do, the discretion of the City is so broad that no property interest in continued employment would be created. This distinguishes Hoesterey's case from McGraw v. City of Huntington Beach, 882 F.2d 384 (9th Cir.1989), where the applicable personnel rules "severely restricted by several provisions" the grounds upon which the employee could have been terminated. Id. at 390. That the City's personnel rules provide procedures for notice and appeal of discharge decisions does not transform an expectation of employment into a constitutionally protected property interest. Jacobson, 627 F.2d at 180. Thus, the personnel rules do not sufficiently constrain the grounds upon which Hoesterey can be discharged, and, therefore, the district court correctly held that the rules do not create a property interest protected by the Due Process Clause.
 
 B.
 
 16
 We now turn to Hoesterey's argument, citing Perry, 408 U.S. at 601, that he had a "mutually explicit understanding" with the City through Smith that he could be dismissed only for cause and that this understanding created a constitutionally protected property interest in his job. The district court held that the evidence did not support the existence of a "mutually explicit understanding." We conclude that this determination was unnecessary, and affirm for other reasons.
 
 
 17
 Under California law, "public employment is not held by contract but by statute and ... insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." Summers v. City of Cathedral City, 275 Cal.Rptr. 594, 605 (Cal.Ct.App.1990), quoting Miller v. California, 557 P.2d 970, 973 (1977). Because California law prohibits all contractual arrangements which purport to alter the terms of a public employee's employment, and because the City was vested with the authority to promulgate personnel rules governing the relationship between the City and its employees, it follows that whatever property rights Hoesterey may have acquired could come only from those personnel rules. Thus, "as a matter of law, there can be no express or implied-in-fact contract between plaintiff and the City which restricts the manner or reasons for termination of his employment. His only ground for complaint can be that the City violated its own laws when it terminated him." Id.
 
 
 18
 Hoesterey carefully avoids putting his "mutually explicit understanding" argument in terms of an "implied-in-fact" contract claim. But a "mutually explicit understanding" is nothing more than a contractual understanding between two parties.
 
 
 19
 The recognition that a state can circumscribe the creation of property interests is hardly novel. For example, in Hollister v. Forsythe, 22 F.3d 950 (9th Cir.1994), we held that a county employee who brought a section 1983 action after being fired from her employment did not have a property interest in that job. Montana statutory law made all employees "at will" unless a "specified term" of employment was included in the employment contract. Because Hollister's contract contained no such term, Hollister was in effect an "at will" employee with no property interest under Montana law. Id. at 952. Hollister argued, relying on Perry, that other "understandings" arose during the course of her employment that gave her a property interest protected by the Due Process Clause. We disagreed, concluding that because Montana law gives an employee no enforceable right to continued employment unless the employment contract contains a specified term, the most that any such "understanding" could create was an implied covenant of good faith and fair dealing which is insufficient to create a property interest in continued employment. Id. at 954.
 
 
 20
 Similarly, in Portman, Portman argued that "even if the statutory scheme" at issue made him an at will employee, it would "not preclude an implied-in-fact contract, providing that he would be terminable only for cause, from arising." 995 F.2d at 905. We concluded otherwise, relying on Summers to hold that a public employee in California was prevented, as a matter of law, from "showing that an implied contract had arisen over the course of employment." Id. There is no difference between the plaintiff's argument in Portman and Hoesterey's argument here.
 
 III
 
 21
 There is a claim remaining which is recognized by California state law: the failure to provide Hoesterey with a pre-termination hearing. As to that issue, we must proceed in our analysis to a second question: as a matter of federal law, is that right protected under the Due Process Clause?
 
 
 22
 Not every legal right conferred by state law is protected by federal due process. Physicians' Service, 825 F.2d at 1408. "It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a [city] into a federal claim." Id. "[W]hile state law may create an interest in having officials adhere to state procedures, those procedures alone do not give rise to a 'legitimate claim of entitlement' that is subject to the protections of the federal due process clause." Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 475 (9th Cir.1991).
 
 
 23
 Because Hoesterey was not given a hearing as provided for by the personnel rules, he may have a state law cause of action against the City for a violation of its rules. But as our analysis above makes clear, Hoesterey does not have a constitutionally protected property interest in continued employment and therefore cannot maintain a claim for a violation of the Due Process Clause of the Fourteenth Amendment.
 
 IV
 
 24
 Our ruling negates any reason for taking judicial notice, as Hoesterey requests, of the transcripts in Summers. Because his claim fails as a matter of law, any inferences that might be drawn from those transcripts cannot help him.
 
 
 25
 Because we conclude that Hoesterey has no property interest in continued employment protected by the Due Process Clause, it is unnecessary to decide what federal due process protection Hoesterey would have been entitled to receive.
 
 
 26
 In addition, Hoesterey requests attorney's fees on appeal. See 42 U.S.C. Sec. 1988(b); Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990). Because Hoesterey is not the prevailing party on appeal, his fee request must be denied. See 42 U.S.C. Sec. 1988 (attorney's fees available only to prevailing party).
 
 
 27
 AFFIRMED.
 
 
 28
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 29
 Circuit Judges HUG and HAWKINS, concurring in the result:
 
 
 30
 We concur in the result of the memorandum disposition and in the reasoning except for Section IIB.
 
 
 31
 Summers v. City of Cathedral City, 275 Cal.Rptr. 594, 605 (Cal.Ct.App.1990), and Miller v. California, 557 P.2d 970, 973 (Cal.1977), provide only that there cannot be a public employment contract contrary to statute. The statute here gave the authority to the City to create employment contracts in accordance with the personnel regulations. It did so enumerating 18 causes for discharge, but giving the City Manager authority to discharge for other reasons. Under these personnel regulations, we find nothing "contrary to statute" for the City Manager to commit to an employee what reasons he would consider causes for discharge. That would establish a contract right in employment that is permitted by the statute.
 
 
 32
 However, for the reasons expressed by Judge Lew, there was insufficient evidence from which a jury could reasonably find that there was a "mutually explicit understanding." There is no evidence that Smith ever represented to Hoesterey that he would be fired only for cause. Therefore, we affirm for the reasons expressed by Judge Lew in his order granting summary judgment.