**Stuart GROTEN, an individual, Plaintiff–Appellant,**

**v.**

**State of CALIFORNIA, a political entity; John S. Brenan, as an individual and as an employee of the Office of Real Estate Appraisers, State of California; William Drabick, as an individual and as an employee of the Office of Real Estate Appraisers, State of California; Penny Blumer, as an individual and as an employee of the Office of Real Estate Appraisers, State of California, Defendants–Appellees.**

No. 99–56475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001

Filed June 1, 2001

Richard Hamlish, Westlake Village, California, for the plaintiff-appellant.

Julie Ann Cabos, Deputy Attorney General, Los Angeles, California, for the defendants-appellees.

Before: BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Stuart Groten appeals the district court's dismissal of his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Groten brought his complaint under 42 U.S.C. § 1983 and 12 U.S.C. § 3351 against the State of California and state officials in the Office of Real Estate Appraisers. Groten alleges that the appellees violated his constitutional rights when they denied him the opportunity to apply for a temporary real estate appraiser's license and a reciprocal real estate appraiser's license and delayed the issuance of his permanent license. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's decision *de novo*.[1] We affirm in part, reverse in part, and remand.

## I. *Facts and Procedural History*[2]

Groten has been a real estate appraiser since 1964 and has licenses in Montana, Connecticut, and Washington. On June 1, 1997, Groten contacted the appellees for the purpose of applying for a temporary license under 12 U.S.C. § 3351(a) and for a reciprocal license under 12 U.S.C. § 3351(b), California Code of Regulations Section 3569, and California Business and Professions Code Section 11350. He was told that he could not apply for a temporary license under the federal statute or a reciprocal license under state law. He was told to apply for a permanent license instead.

On June 19, 1997, Groten submitted an application for a new license to the Office of Real Estate Appraisers. Over the next weeks, the appellees informed Groten that his application contained deficiencies. His application would not have been deficient had he been applying for a temporary license or a reciprocal license. The application for a new license required more detailed information than did the applications for temporary or reciprocal licenses. The appellees eventually informed him that he did not meet the requirements for an appraiser's license and suggested he reapply as a trainee. They continued to refuse to permit Groten to apply for either a temporary license or a reciprocal license.

On December 31, 1998, Groten filed the complaint in the present action against the State of California. After the complaint was filed, the appellees issued Groten a real estate appraiser's license. On April 28, 1999, the district court granted the appellees' motion to dismiss but gave Groten leave to amend.

On May 17, 1999, Groten filed an amended complaint, adding claims against the individual defendants and alleging a violation of his Fourteenth Amendment rights, a violation of 12 U.S.C. § 3351(a), a violation of California Code of Regulations Section 3569, and a violation of California Business and Professions Code Section 11350. On July 20, 1999, the district court granted the appellees' motion to dismiss.

## II. *Section 1983 Claims*

Groten alleges that he attempted to apply for temporary and reciprocal real estate appraiser's licenses pursuant to 12

---

**1.** *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

**2.** Because this was a Rule 12(b)(6) dismissal, we assume the truth of Groten's factual allegations.

U.S.C. §§ 3351(a) and 3351(b), but the appellees refused to give him the proper materials. Groten argues that he may maintain a cause of action under 42 U.S.C. § 1983 for a violation of both § 3351(a) and his Fourteenth Amendment rights. We agree.

### A. Violation of 12 U.S.C. § 3351(a)

▮ Section 1983 provides a private right of action for violations of federal statutes "only if the statute creates enforceable rights and if Congress has not foreclosed such enforcement in the statute itself." [3]

A statute creates a right enforceable under § 1983 if: (1) the statute was intended to benefit the plaintiffs; (2) the statute imposes a binding obligation on the government unit rather than merely expressing a congressional preference for a certain kind of conduct, and; (3) the interest asserted by the plaintiff is not so vague or amorphous that it is beyond the competence of the judiciary to enforce.[4]

We hold that each of these three requirements is satisfied here.

▮ First, 12 U.S.C. § 3351(a) was intended to benefit plaintiffs such as Groten. In order to determine whether plaintiffs such as Groten were intended to benefit from § 3351(a), we must determine the intent of Congress. To determine the intent of Congress we look first to the language of the statute.[5]

Section 3351(a) is titled, "Temporary practice." Subsection (a)(1) of the statute requires states to allow an appraiser not licensed in the state to engage temporarily in the business of appraising if three requirements are met:

A State appraiser certifying or licensing agency shall recognize on a temporary basis the certification or license of an appraiser issued by another State if—

(A) the property to be appraised is part of a federally related transaction,

(B) the appraiser's business is of a temporary nature, and

(C) the appraiser registers with the appraiser certifying or licensing agency in the State of temporary practice.[6]

Section 3351 was enacted as part of the Financial Institutions Reform Recovery and Enforcement Act ("FIRREA").[7] Appellees note that the general purpose of FIRREA, as expressed in the statute, is:

to provide that Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision.[8]

Appellees correctly point out that this statement of purpose suggests that the statute was not necessarily intended to benefit private individuals like Groten.

---

**3.** *Dittman v. State of California*, 191 F.3d 1020, 1027–28 (9th Cir.1999) (quoting *Legal Servs. of Northern California, Inc. v. Arnett*, 114 F.3d 135, 138 (9th Cir.1997)).

**4.** *Id.* at 1028.

**5.** *See Wright v. City of Roanoke Redev. & Hous. Auth.*, 479 U.S. 418, 429–30, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987).

**6.** 12 U.S.C. § 3351(a)(1).

**7.** 12 U.S.C. §§ 3331–3351.

**8.** 12 U.S.C. § 3331.

In determining whether a particular provision of a statute creates a federal right enforceable under § 1983, however, we do not confine our consideration to the stated purpose of the Act. Rather, we are required to analyze the particular statutory provisions at issue, to determine whether the three requirements for an enforceable right under § 1983 are satisfied.[9]

Here, the provision at issue requires a state agency to recognize, if certain conditions are met, "the certification or license of an appraiser issued by another State" on a temporary basis.[10] Because § 3351 "focus[es] on the individual [appraiser] and [his or her license,] the intent to benefit [qualified appraisers] is undeniable."[11] Groten alleged that he qualified as a temporary real estate appraiser under § 3351(a). Accordingly, we conclude that he was an intended beneficiary of § 3351(a).

In addition to holding that individuals such as Groten are beneficiaries of the federal statute, we also hold that § 3351(a) "unambiguously impose[s] binding obligations on the States."[12] The statute uses the mandatory term "shall" when describing the requirement that the states recognize an out-of-state license. Thus, if an applicant demonstrates that he or she meets the three prerequisites listed in § 3351, the state must issue a temporary license. There is no discretion afforded to the appraiser licensing agency in this section; the federal statute is not merely intended to be hortatory, but places a binding obligation on the Office of Real Estate Appraisers.

The third requirement for creating a right enforceable under § 1983, that the "interest asserted by the plaintiff is not so vague or amorphous that it is beyond the competence of the judiciary to enforce,"[13] is also met. Groten argues that § 3351(a) grants him the right to the issuance of a temporary license. The interest asserted by Groten is not so vague or amorphous that it is beyond the competence of the judiciary to enforce. Courts could, after all, order the issuance of a license if an applicant meets the required qualifications.

We conclude that Groten may maintain a cause of action under § 1983. Accordingly, the district court erred when it dismissed Groten's § 1983 claim for a violation of § 3351(a).

### B. *Violation of Groten's Fourteenth Amendment Rights*

Groten's second cause of action stated a claim under the Fourteenth Amendment that the appellees violated his property and due process rights by refusing to permit him to apply for a temporary and reciprocal real estate appraiser's license. Groten argues that § 3351(a) and California laws passed pursuant to § 3351(b)[14] have created a property right that cannot be deprived without due process. For the reasons set forth below, we agree.

#### 1. *Section 3351(a).*

We must determine whether Groten, as a first-time applicant for a tem-

---

9. *See, e.g., Wright,* 479 U.S. at 430, 107 S.Ct. 766.

10. 12 U.S.C. § 3351(a).

11. *See Wright,* 479 U.S. at 430, 107 S.Ct. 766.

12. *Blessing v. Freestone,* 520 U.S. 329, 341, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997).

13. *Dittman,* 191 F.3d at 1027–28.

14. Section 3351(b) states: "The Appraisal Subcommittee shall encourage the States to develop reciprocity agreements that readily authorize appraisers who are licensed or certified in one State (and who are in good standing with their State appraiser certifying or licensing agency) to perform appraisals in other States."

porary appraiser's license, had a property interest protected by the Due Process Clause. A constitutionally protected property interest results "from a legitimate claim of entitlement ... defined by existing rules or understandings that stem from an independent source"[15] such as a statute. Whether a statute creates a property interest depends largely upon the extent to which the statute limits an agency's discretion in denying a license to an applicant who meets the minimum requirements.[16]

Under § 3351(a), if an applicant meets the three requirements, there is no discretion in the state licensing agency. The statute requires that the state agency issue a temporary license by using the mandatory term "shall." Because § 3351(a) absolutely restricts the discretion of the Office of Real Estate Appraisers, Groten has a legitimate claim of entitlement to the license if he meets the three prerequisites.

### 2. California law.

■ California Code of Regulations Section 3569 provides that an individual licensed or certified as a real estate appraiser in another state may apply for a reciprocal license. Groten alleges that he was licensed in several states, thus bringing him within the statute, but that the defendants refused to give him an application.

■ A state statute can give rise to federally protected due process interests.[17] State statutes providing for particular procedures may create entitlements protected by due process.[18] While not every proce-

dural statute creates entitlements, "if the procedural requirements were intended to operate as a 'significant substantive restriction' on the agency's actions, a property interest may be created."[19] Again, we must look at the extent to which the statute limits an agency's discretion in denying a license to an applicant who meets the minimum requirements.

Section 3569 sets forth particular application procedures for obtaining a reciprocal license and restricts the Office of Real Estate Appraisers' discretion to deny a license. The Office of Real Estate Appraisers may only deny an application if California terminates the reciprocal agreement or if the applicant's license in the issuing state is no longer valid.[20] We hold that Section 3569 places sufficient restriction on the discretion of the Office of Real Estate Appraisers to create a property interest that may not be deprived without due process. Therefore, if Groten can demonstrate that he meets the minimum requirements of Section 3569 and he does not fall within one of the exceptions, he may show that he has a legitimate claim of entitlement to the reciprocal license and he has stated a claim under the Fourteenth Amendment.

Because both Section 3351(a) and Section 3569 significantly restrict the discretion of the Office of Real Estate Appraisers in issuing a license, each may create a property interest in an unissued license. We conclude that Groten was entitled, at a minimum, to the proper application materials, and has stated a claim under the Fourteenth Amendment and under § 3351.

---

**15.** *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

**16.** *Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980).

**17.** *See, e.g., Parks v. Watson,* 716 F.2d 646, 656–57 (9th Cir.1983) (citing *Jacobson,* 627 F.2d at 180).

**18.** *Parks,* 716 F.2d at 656.

**19.** *Id.* at 657 (quoting *Jacobson,* 627 F.2d at 180).

**20.** CAL. CODE REGS. tit. 10, § 3569(d)-(f) (1996).

### III. *Sovereign Immunity*

In support of its Rule 12(b)(6) motion, California argued that it had not waived its sovereign immunity. The district court granted the motion. We may affirm the district court's dismissal on any basis supported by the record.[21] We need not reach the sovereign immunity issue because the State is not a "person" for purposes of § 1983 and therefore was not a proper defendant in this litigation.[22] In *Sable Communications of California Inc. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184 (9th Cir.1989), we noted that the California Public Utilities Commission argued "that Sable's claim against it [wa]s barred by the eleventh amendment."[23] We did not rest our decision on grounds of sovereign immunity, however, explaining that:

> [s]ince this appeal was filed ... the Supreme Court concluded that Congress did not intend states to be subject to suit under section 1983. Judgment therefore must be entered for the CPUC on an alternative ground: as an arm of the state, the CPUC is not a "person" for purposes of section 1983 and therefore cannot be sued under that statute.[24]

For the same reason, we conclude here that the district court properly granted California's motion to dismiss pursuant to Rule 12(b)(6).

### IV. *Qualified Immunity*

The district court also determined that the state officials, in their individual capacity, were entitled to qualified immunity. Qualified immunity is an affirmative defense that must be raised by a defendant.[25] Thus, a Rule 12(b)(6) dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.[26]

Government officials are given qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[27] Although the Fourteenth Amendment right to due process in the application procedure may not have been clearly established at the time of the alleged violations, Groten alleged that the appellees refused to give him the proper application materials and did not allow him to apply for the licenses which he sought. These ministerial acts are unshielded by qualified immunity, which protects "only actions taken pursuant to discretionary functions."[28]

Because Groten alleged acts to which qualified immunity may not apply, we must reverse the dismissal of his complaint pursuant to Rule 12(b)(6) on qualified immunity grounds.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Costs to appellant.

**21.** *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999).

**22.** *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir.1993).

**23.** *Id.* at 191.

**24.** *Id.* (internal citations omitted).

**25.** *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993).

**26.** *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th Cir.1998).

**27.** *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

**28.** *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir.1989).