**Donald L. MEEK, Plaintiff—Appellant,**

v.

**Albert J. WOJCIK, Judge, Riverside Municipal Court; Rodney Walker, Judge, Riverside Municipal Court, Defendants—Appellees.**

No. 01–56501.
D.C. No. CV–97–01179–RMT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided July 2, 2002.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant Donald L. Meek ("Meek") appeals the district court's grant of summary judgment in favor of Appellees Albert J. Wojcik ("Wojcik") and Rodney Walker

---

("Walker"), two Riverside County Municipal Court Judges.

Meek was appointed as a Commissioner of the Municipal Court of Riverside County. As Commissioner, Meek adjudicated county code enforcement and small claims cases; conducted arraignments, pretrial and preliminary hearings; and presided at civil and criminal trials as a judge pro tem. After Wojcik and Walker voted to terminate Meek as Riverside County Municipal Commissioner ("Commissioner"), Presiding Judge Hinman gave Meek the options of resigning, retiring, or being terminated. Meek decided to retire, and brought a 42 U.S.C. § 1983 action alleging deprivation of his First and Fourteenth Amendment rights.

Appellees did not violate Meek's First Amendment rights to campaign for public office when they voted to terminate him. The nature of Meek's responsibilities, and terms of his employment conferred upon him the status of policymaker. *See Walker v. City of Lakewood,* 272 F.3d 1114, 1132 (9th Cir.2001). In turn, Meek's status as a policymaker and confidential employee render his termination for political reasons inoffensive to the First Amendment. *See Fazio v. City and County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997).

Meek also failed to raise a genuine issue of material fact on his due process claim. California Government Code Section 72192[1] did not create a property interest in Meek's position because the judges were afforded wide discretion to terminate Commissioners at their "pleasure." *See Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980). Absent a property interest, Meek's due process claim cannot survive summary judgment. *See Dittman v. State of Calif.,* 191 F.3d 1020, 1029 (9th Cir. 1999).[2]

AFFIRMED.

---

1. Section 72192 provides that a commissioner "shall be appointed by and hold office at the pleasure of a majority of the judges ..." Cal. Gov.Code § 72192 (1997).

2. Having found that Meek had no property interest in his position, we need not reach his constructive discharge claim.