JUSTICE RICE
specially concurring.
¶109 I concur with the Court’s dismissal of Kiely’s § 1983 claims but not with the entirety of the Court’s analysis.
¶110 The Court relies on Jacobson v. Hannifin (9th Cir. 1980), 627 F.2d 177, for the proposition that a statute which prohibits the government from acting “unreasonably” does not establish a legitimate claim of entitlement necessary to support a § 1983 claim. However, in my view, Jacobson is not persuasive authority for the Court’s holding herein.
fill Jacobson involved the denial of a gaming license by the Nevada Gaming Commission. The Nevada statute governing the commission granted “full and absolute power and authority to deny any application for any cause deemed reasonable” to the commission. Nev. Rev. Stat. § 463.220(6). A broader grant of authority can hardly be imagined. Clearly, no protectable property interest, or “legitimate claim of entitlement,” was created by the Nevada statute. Such carte blanche was not provided by the statutes at issue here.
¶112 Although the Court describes § 76-3-608, MCA, as only requiring the governing body to not act “unreasonably,” a close review of that term within the full context of the statute provided in the Court’s opinion reveals that the discretion granted thereunder is not unconstrained:
[A] governing body may not unreasonably restrict a landowner’s ability to develop land, but it is recognized that in some instances *88 the unmitigated impacts of a proposed development may be unacceptable and will preclude approval of the plat.
Section 76-3-608(5)(a), MCA. “Restrict” and “ preclude” are not equivalent terms within this provision. The power to place reasonable restrictions on the development does not, in and of itself, include the authority to preclude the proposed development. As the provision indicates, the “some instances” in which a development may be precluded altogether are only those in which unmitigated impacts exist and are found to be unacceptable. Even in those instances, the governing body may mitigate the unacceptable impacts and thereby eliminate these obstacles to approval of the development. Section 76-3-608(4), MCA. These provisions demonstrate that the governing body’s duty to the applicant exceeds the mere avoidance of unreasonableness and requires earnest consideration of the landowner’s plan.
¶113 Nonetheless, I do find sufficient discretion within the statute to defeat a claim of entitlement for purposes of a § 1983 claim. Section 76-3-608(4), MCA, does not require that the governing body approve mitigation of adverse impacts, stating only that it “may” do so. Without mitigation, a development’s “unmitigated impacts” can preclude approval. The statute uses other qualifying language as well and cannot be read as mandating approval in the event a developer meets certain requirements.
¶114 The court in Wallace v. Robinson (7th Cir. 1991), 940 F.2d 243, offered an explanation of the entitlement that is necessary to establish a protectable liberty or property interest, drawing on many other cases which have addressed the issue:
Does this [statutory] language create a “legitimate claim of entitlement”? If not, there is no constitutional liberty or property. [Citations omitted.] A “legitimate claim of entitlement” means more than an abstract desire. It is instead an entitlement contingent on facts, something you hold unless prescribed conditions of its defeasance can be established. [Citations omitted.] Something “securely and durably yours ... as distinct from what you hold subject to so many conditions as to make your interest meager, transitory, or uncertain”. [Citations omitted.] How securely? Your entitlement must be “legally enforceable” [citations omitted]. Or, in the formulation of [Kentucky Department of Corrections v. Thompson (1989), 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506] there must be “ ‘explicitly mandatory language,’ in- connection with the establishment of ‘specified substantive predicates’ to limit discretion.”
*89 Wallace, 940 F.2d at 246-47. Although somewhat unwieldy, Wallace’s explanation is detailed and helpful. Under this analysis, the statutes at issue here clearly do not use mandatory language which assures an applicant of approval, and I know of no court decision which has found a claim of entitlement under statutory language which is even remotely similar to the statutes here. For these reasons, I concur with the Court’s holding on this issue.
¶115 On all other issues, I also concur.