Donna **BARTLETT–MAY**; Clarence L. Cassens; James K. Clements; Michael Coleman; Mona Favorite–Hill; Janice Tubiolo, Plaintiffs—Appellants,

v.

**OTAY WATER DISTRICT**; Jaime Bonilla; Alfredo E. Cardenas; Robert Griego; Antonio Inocentes, Defendants—Appellees.

No. 03–57090.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 16, 2005.

FED. R.APP. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

James M. Gattey, Esq., Jason L. Aldrich, Esq., Michael P. Baranic, Gattey Baranic LLP, San Deigo, CA, for Plaintiffs–Appellants.

Christopher W. Carlton, Esq., Carlton, Disante & Freudenberger, LLP, Irvine, CA, Wendy L. Tucker, Esq., James N. Godes, Esq., Kenneth S. Klein, Esq., Foley & Lardner, Robert N. Clark, Esq., Robertson, Selby & Clark, LLP, Claudette G. Wilson, Esq., Michael S. Kalt, Esq., Wilson Petty Kosmo & Turner LLP, San Diego, CA, Jules Zeman, Esq., Kevin M. Osterberg, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN, CALLAHAN, Circuit Judges, and DUFFY, District Judge.**

## MEMORANDUM ***

Appellants are six former employees of the Otay Water District who claim that their employment was terminated in violation of 42 U.S.C. § 1983. The district court ruled that because the plaintiffs were at-will employees of the Water District, they do not have a protected interest in continued employment and dismissed the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In California, the terms of public employment are regulated by statute. *See Miller v. State of California,* 18 Cal.3d 808, 813, 135 Cal.Rptr. 386, 557 P.2d 970 (1977) ("[I]t is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law."). The relevant statute in this case is California Water Code § 71362, which establishes that the appellants' employment with the Water District was at-will. CAL. WAT.CODE § 71362. As at-will employees, appellants do not have a protected property interest in their job. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993).

Appellants point to numerous other sources that they claim alter their status as at-will employees. We have reviewed those sources and conclude that none of them creates a property interest in continued employment. At most, they impose procedural requirements upon employers, rather than creating substantive rights for employees. *See Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980) ("Procedural guarantees ordinarily do not transform a unilateral expectation into a constitutionally protected interest" unless they "are intended to operate as a significant substantive restriction on the basis for an agency's actions.").

AFFIRMED.

** The Honorable Kevin T. Duffy, United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.