**YANKEE DOODLES, LTD., a California corporation, Plaintiff—Appellant,**

v.

**LONG BEACH POLICE DEPARTMENT, Defendant—Appellee.**

No. 03–56853.

D.C. No. CV–02–05563–SJO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 22, 2005.

Mark Shoemaker, Van Nuys, CA, for Plaintiff–Appellant. Robert E. Shannon, Esq., Monte H. Machit, Esq., Office of the City Attorney City of Long Beach, Long Beach, CA, for Defendant–Appellee.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Yankee Doodles, Ltd. ("Yankee") filed a 42 U.S.C. § 1983 claim against the Long Beach Police Department ("City") alleging due process and equal protection violations under the Fourteenth Amendment. The facts and procedural history are known to the parties and we do not recount them here.

First, Yankee waived its Rule 59 and Rule 60 arguments because, although it raised them in its notice of appeal, it failed to present them in its opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.2003). Regarding Yankee's Rule 56(f) argument, we find that the district court did not abuse its discretion because ample evidence demonstrates that Yankee did not diligently pursue its previous discovery opportunities. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994).

Second, Yankee was not "deprived" of any property right because it continued to operate as a food establishment throughout the licensing process, and, more importantly, the City ultimately granted Yankee a license. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Moreover, Yankee does not have a reasonable expectation of entitlement to a business license because the Long Beach Municipal Code grants the City broad discretion to deny a license. *See Groten v. California*, 251 F.3d 844, 850

---

(9th Cir.2001); *Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980). Nor has Yankee pled facts demonstrating the City's initial denial of Yankee's application threatened its reputation or goodwill. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *WMX Techs, Inc. v. Miller,* 197 F.3d 367, 373 (9th Cir. 1999) (en banc). Finally, Yankee asserts no constitutionally cognizable fundamental right under a substantive due process analysis.

Third, Yankee waived its equal protection argument by failing to squarely present a substantive argument in its brief. *See Indep. Towers of Wash.,* 350 F.3d at 929.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.