WILLOUGHBY DEVELOPMENT CORPORATION; Rebecka Z. Lords; Big Sky Development Group, LLC; Bitterroot Land Co., LLC; Flat Iron Ranch, LLC; Jeff Scussel; Kearns Properties, LLC; Rudy Kratofil; Stanley Norgaard, as Trustee of Norgaard Family Trust; Sunnyside Orchards, LLC; Terry Nelson; Thomas Gacek; Man Enterprises, LLC; Bernice Kratofil; Tracy Scussel, Plaintiffs,

and

Bass Lane, LLC; Mark Barteaux; Scott Schmeideke, Plaintiffs— Appellants,

v.

RAVALLI COUNTY, Defendant— Appellee.

No. 08–35517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 17, 2009.

Terance P. Perry, Esquire, Milton Datsopoulos, William Vancanagan, Esquire, Datsopoulos, MacDonald & Lind, P.C., Missoula, MT, for Plaintiffs.

Brendan J. Perry, Christopher M. Perry, Perry & Associates, P.C., Holliston, MA, for Plaintiffs–Appellants.

Richard A. Larson, Esquire, Helena, MT, for Defendant–Appellee.

Before: O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM *

Montana land developers appeal from the district court's grant of summary judgment to Ravalli County. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Ravalli County did not violate the developers' procedural rights under the Due Process Clause of the Fourteenth Amendment by retroactively applying a new zoning regulation to their pending subdivision applications. The developers do not have a property interest in a particular lot size or in approval of their subdivision applications. As in *Shanks v. Dressel*, 540 F.3d 1082 (9th Cir.2008), the developers do not direct us "to any statutory language that imposes particularized standards ... that significantly constrain" Ravalli County's discretion in deciding which applications to approve or to deny. *Id.* at 1091 (internal quotation marks and alterations omitted).

■ Nor do the developers have a property interest in the application of the regulations in effect at the time they filed their subdivision applications. *See* Mont.Code Ann. § 76–3–604(8)(a). Section 76–3–604(8)(a) constitutes a procedural guarantee to the application of certain regulations; it does not impose any meaningful substantive constraint on the reviewing agency's discretion. *See Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir.1980) ("A property interest may be created if 'procedural' requirements are intended to operate as a significant substantive restriction on the basis for an agency's actions.").

■ The developers' substantive due process claim fares no better. The limited density regulation here plainly does not involve a "complete prohibition of the right to engage in a calling." *Connecticut v. Gabbert*, 526 U.S. 286, 292, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999). The developers are free to pursue their chosen profession in nearly any manner they desire; they are only barred from developing along the precise lines of their original applications. *See Guzman v. Shewry*, 552 F.3d 941, 954–55 (9th Cir.2009).

■ Nor did Ravalli County violate the developers' rights under the Takings Clause of the Fifth Amendment. Ravalli County has not physically intruded on the developers' land, nor has it deprived them of "all economically beneficial or productive use of land." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992).

■ Finally, the developers forfeited their equal protection claims by failing to raise them in the district court. *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir.2006).

**AFFIRMED.**

