**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERRI L. SCHRUDER,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>ARCHIE BANBURY, Valley County<br>Clerk, in his individual and official<br>capacities; et al.,<br><br>        Defendants - Appellants,<br><br>  And<br><br>VALLEY COUNTY, Idaho, a political<br>subdivision of the State of Idaho and<br>JOHN DOES,<br><br>        Defendants. | No. 14-35840<br><br>D.C. No. 1:13-cv-00309-REB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted July 7, 2016
Seattle, Washington

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

The individual defendants in this case appeal the lower court's denial of qualified immunity on two of Sherri Schruder's claims. We reverse and remand.

The individual defendants are entitled to qualified immunity unless they violated Schruder's "clearly established statutory or constitutional rights of which a reasonable person would have known." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 977 (9th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). We may not "define clearly established law at a high level of generality." Padilla v. Yoo, 678 F.3d 748, 758 (9th Cir. 2012) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." Id. (quoting al-Kidd, 563 U.S. at 741).

The Fourteenth Amendment's due process requirement protects property interests. See Brewster, 149 F.3d at 982–87. A person only has a property interest in a benefit if she has a "legitimate claim of entitlement to it," rather than a "unilateral expectation of it." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564,

2

577 (1972). What a person has a legitimate claim of entitlement to is defined by state law or other "existing rules or understandings." Id.

Schruder claims she had a property interest in keeping her job, of which she was deprived when she was terminated due to an email she sent about bats. But the uncontested evidence shows the County was pursuing a 23% budget reduction, hiring freeze, and consolidation of unnecessary positions. The Valley County Personnel Policy granted wide discretion to administrators regarding what steps to take in the event of a reduction in force. Though Schruder acknowledged that the County's stated reason for terminating her was a reduction in force, she did not dispute the County's decision until well past the Policy's five-day limit. Even if, as Schruder contends, her discharge was motivated by the bat email, "[i]n this situation it [is] unclear whether statutory or constitutional rights were implicated in [Schruder's] discharge." Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir. 1990).

Schruder similarly had no clearly established property interest in reinstatement. Whether the Valley County Personnel Policy "is sufficient to create a property interest 'will depend largely upon the extent to which the [Policy] contains mandatory language that restricts the discretion of the [decisionmaker].'"

3

Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir. 1990) (second alteration in original) (quoting Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)). The Policy is not mandatory, but conditional and in part discretionary. One provision outlined conditions in which an employee would be reinstated after a reduction in force, while another provision gave the County discretion to specify what reinstatement preferences would be granted, if any, with a reduction in force.

Because Schruder had no clearly established "property interest" in her continued employment, or in her reinstatement, the lower court should have granted qualified immunity to the individual defendants on both claims. See Bernstein v. Lopez, 321 F.3d 903, 905 (9th Cir. 2003).

**REVERSED AND REMANDED.**