**Shelby RIGGS, et al.**
**Plaintiffs-Appellants,**

v.

**COMMONWEALTH OF KENTUCKY, et al., Defendants-Appellees.**

No. 83–5137.

United States Court of Appeals,
Sixth Circuit.

Argued March 15, 1984.

Decided April 10, 1984.

Rehearing Denied May 1, 1984.

Oliver H. Barber, Jr., argued, Thomas J. Banaszynkski, Gittleman & Barber, Louisville, Ky., for plaintiffs-appellants.

Donald H. Balleisen, argued, Jerry E. Abramson, Patrick A. Nepute, Greenebaum, Doll & McDonald, Louisville, Ky., for defendants-appellees.

Before KEITH and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiffs, forty-two laid off merit service employees of the Commonwealth of Kentucky, filed suit under 42 U.S.C. § 1983 alleging constitutional violations arising from their discharge from employment. Named defendants are the Commonwealth of Kentucky, the Governor and thirty-five officers of the Commonwealth both in their official and individual capacities.

The defendants filed motions to dismiss for lack of jurisdiction and motions for summary judgment. On March 19, 1982, the district court filed a memorandum and order which remanded all motions until a decision was reached in a case then pending before the Supreme Court.[1] On January 28, 1983, the district court dismissed with prejudice all but one of plaintiffs' claims.[2] Plaintiffs filed their notice of appeal from this dismissal. For the following reasons we affirm the decision of the district court.

In December of 1979, when John Y. Brown assumed office as the Governor of Kentucky, he and his department heads undertook an analysis of state government in an effort to reduce expenditures. The reduction in expenditures was required to meet Kentucky's constitutional mandate for a balanced budget. It was necessary to impose substantial budgetary cutbacks in order to meet this mandate. Therefore, Governor Brown directed all department heads to review their operations with the aim of reducing the number of active personnel. This action by the Governor was taken pursuant Ky.Rev.Stat § 12.025(1)(a) (1983) which gives the Governor the authority to establish, abolish or alter the organization of any agency or statutory department in order to promote economy, efficiency and improve administration.

Beginning in December 1979 and continuing through October 1981, the various department and agency heads of state government developed and put into effect some 254 lay-off plans affecting approximately 1,800 state merit system employees. Each of the named plaintiffs was scheduled for lay-off from state government service pursuant to one or more of these layoff plans. As a result of these plans, each of the named plaintiffs assert they were laid off or terminated from state employment; forced to retire or resign from government service; demoted or otherwise adversely affected in his or her employment.

Defendants allege that the various layoff plans were developed pursuant to specific procedures found in the statutes of Kentucky and the regulations developed under these laws. Ky.Rev.Stat. § 18.210 (1983) requires that the Commissioner of Personnel establish rules and regulations for the hiring and dismissal of employees. Ky.Admin.Regs. 101 authorize the preparation and implementation of layoff plans by all state departments. Each layoff plan developed and implemented by the respective departments of state government was allegedly different. The departments varied in size and function. Plans were developed at different time periods over the course of twenty months from December 1979 through October 1981, and cutbacks in the respective departments varied because of

---

1. *Patsy v. Board of Regents of State of Fla.,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) addressed the issue of whether a party must exhaust state remedies before seeking federal relief. The high court determined that exhaustion was not required, thus leaving the district court to reach the merits in the instant case.

2. The one claim not dismissed charged that the lay-off plan had a disparate impact on employees over forty years of age. This claim is not before the Court on appeal.

budgetary considerations. Nevertheless, each of the plans was consistent in that it was to be put into effect only upon the condition that it complied with Ky.Rev.Stat § 18:210 *et seq.* and Ky.Admin.Regs. 1:010 *et seq.*

Following the adoption of the numerous plans and their approval by the Department of Personnel, each department was required by the statutory provisions to provide notice to the individual employees involved. These rights also provided that each employee be given a brief explanation of the reason for the layoff and an exit interview. Reemployment rights were available to each laid off employee for one year and the rights had to be requested in writing by an employee. These rights included the ability to block the State Employment Register so that no new employee could be hired if the laid off employee could fill the vacancy. The employee also had the statutory right to appeal first to the state personnel board and then to the courts.

Plaintiffs' complaint alleges that the defendants formulated and implemented layoff plans in which they failed to consider the seniority, service records, performance appraisals, conduct and qualifications of the employees laid off in violation of the Kentucky statutes and regulations. The plaintiffs also allege that the defendants failed to consider the laid-off employees on the reemployment register. The plaintiffs contend that the defendants' improper formulation and implementation of the layoff plans violated the plaintiffs' due process and equal protection rights afforded them pursuant to Section 1983 and the fourteenth amendment to the United States Constitution.

The defendants made a motion to dismiss for lack of subject matter jurisdiction, and the district court granted their motion. We are in agreement with the district court's decision.

■ The eleventh amendment to the United States Constitution provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens or subjects of any foreign state.

In *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889) the Supreme Court held that a state cannot be sued in a United States court by one of its own citizens unless the state gives its consent. *See also Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) the Supreme Court reaffirmed the proposition set forth in *Hans* and its progeny, but added a further prohibition: the state could not be sued in a federal court by one of its citizens who brought a cause of action based on Section 1983, 440 U.S. at 338, 99 S.Ct. at 1143. Thus, the state of Kentucky is immune from suit, and the district court was correct to conclude it had no jurisdiction over this matter.

■ The district court also found that the individual defendants would be entitled to a qualified immunity from suit if they could show that their actions were taken in good faith and were within reason under the circumstances. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). However, a qualified immunity would not be available to the official "if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the Constitutional rights of the student affected...". *Id.* at 322, 95 S.Ct. at 1001. The district court found it unnecessary to further address the issue of a qualified immunity because plaintiffs had failed to establish the deprivation of a Constitutional right. We agree. In order to raise a claim in federal court the plaintiff has to establish the deprivation of a Constitutionally protected property right. The existence of a protectable property right is determined under state law. *Board of Regents of*

*State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Although plaintiffs argue they have a property interest under Ky.Rev.Stat. § 18.110(17) a review of the statute indicates to the contrary.

The commissioner of personnel is directed in Ky.Rev.Stat. § 18.210(14) to establish rules for "lay-offs by reasons of lack of funds or work, or abolishment of a position, or material change in duties or organization...." An employee who is laid off may appeal that decision as provided in Ky.Admin.Regs. 1:130. Ky.Rev.Stat. § 18.-210(16) additionally provides that a merit status employee may be discharged only for cause.

Clearly there is a distinction between a discharge and a layoff. Kentucky's statute provides that a discharge cannot take place absent cause. The Kentucky statute governing layoffs contains no requirement to show cause. It permits layoffs due to reorganization, lack of funds, or work, or the abolishment of positions. It is the cause element which confers upon the property right the imprimatur of constitutionality. Although plaintiffs may have had an expectation of continued employment it was a unilateral one and does not rise to the level of a constitutionally protected right.

Plaintiffs did not assert in either their briefs or at oral argument that a protectable liberty interest was violated by the layoff, nevertheless, we agree with the district court's finding that plaintiffs failed to prove the existence of a constitutionally protected liberty interest. The case at bar does not satisfy the requirement that the layoff was a stigma which affected the individual's reputation or standing in the community. *See Board of Regents of State Colleges v. Roth, supra.*

Accordingly, the judgment of the Honorable Thomas A. Ballantine of the United States District Court for the Western District of Kentucky is affirmed.