**Daniel WONG, Plaintiff–Appellant,**

v.

**BOARD OF REGENTS OF THE UNI-
VERSITY OF CALIFORNIA, et.
al., Defendants–Appellees.**

No. 99–55965.

D.C. No. CV–96–7754–ER.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2000.

Decided June 19, 2001.

Before BROWNING, PREGERSON,
and BEEZER, Circuit Judges.

## MEMORANDUM *

Daniel Wong appeals the district court's order granting summary judgment in favor of Defendants, arguing that the district court incorrectly concluded: (1) that Wong did not have a property interest in his supervisor position and layoff protection; and (2) that the individual Defendants are entitled to qualified immunity.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000). We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant sub-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

stantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

 To have a property interest in his supervisor classification and against layoff, Wong must have "a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). That claim must arise from "existing rules or understandings that stem from an independent source such as state law." *Id.* Also of particular import is whether the University's personnel manual "impose[s] particularized standards or criteria that significantly constrain" its ability to change or eliminate Wong's position. *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1436 (9th Cir.1986).

The relevant employee manuals [1] indicate that Wong's property interest in continued employment did not extend to his specific position or against layoff, as the manuals give the University broad discretion to lay off an employee whenever it is "necessary due to lack of work or lack of funds" and to institute downward reclassifications at the University's discretion. *Riggs v. Commonwealth of Kentucky*, 734 F.2d 262, 265 (6th Cir.1984); *see also Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir.1980) ("The only substantive restriction imposed on the [decision maker's] exercise of authority is the requirement that the basis for its decisions be reasonable."). Moreover, there is no evidence that the layoff was directed at Wong or maliciously motivated, as the Medical Center instituted the layoff to achieve expense reduction.

1. We do not analyze the employee manuals separately because we conclude that neither created a property interest in Wong's supervisor position.

2. Because Wong is not a prevailing party, we deny his request for attorneys' fees pursuant

The district court properly granted Defendants' motion for summary judgment.[2]

AFFIRMED.

BEEZER, Circuit Judge.

I concur in the result.

to 42 U.S.C.1988. *See Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir.1995).

