NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0206n.06

No. 12-3272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Feb 27, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOANN GOLEMBIEWSKI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WILLIAM G. LOGIE; JOSEPH KLEP; CONNIE | ) | THE NORTHERN DISTRICT OF |
| RUBIN, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Joann Golembiewski worked as a secretary for the University of Toledo until her termination in 2009. Golembiewski thereafter brought a 42 U.S.C. § 1983 suit against three University employees—William Logie, Joseph Klep, and Connie Rubin—alleging that they violated her First Amendment rights when they fired her. The defendants moved for summary judgment on qualified-immunity grounds, which the district court granted. This appeal followed.

Golembiewski's complaint alleged that she was fired because she started a petition to rescind the University's new employee-attendance policy. During oral argument before this court, Golembiewski's counsel agreed that the complaint's allegations were based on that petition, which in turn addressed only the attendance policy. Thus, to prevail on her First Amendment retaliation

claim, Golembiewski must prove among other things that the attendance policy was a matter of public concern. *See Handy-Clay v. City of Memphis*, 695 F.3d 531, 540 (6th Cir. 2012). She cannot do so. Speech addresses a matter of public concern when it relates to a "matter of political, social, or other concern to the community." *Id.* at 543 (quotation marks omitted). The University's employee-attendance policy is not that type of concern. Instead, Golembiewski's petition is better characterized as an "employee grievance concerning internal office policy," which is something that only the employees themselves would be concerned about. *See Connick v. Myers*, 461 U.S. 138, 154 (1983).

Golembiewski disputes this conclusion in two ways. First, she argues that she submitted the petition to the Ohio State Employment Relations Board as part of an unfair-labor-practices charge. But that does not convert the attendance policy into a matter of public concern. Golembiewski admitted that the purpose of her appeal to the Board was "to rescind the attendance policy," not to inform the public about the issue. Thus, her purpose was still to "air or remedy grievances of a purely personal nature." *Gragg v. Somerset Technical Coll.*, 373 F.3d 763, 767 (6th Cir. 2004) (quotation marks omitted).

Second, she argues that her speech was union-related, which she says makes it per se a matter of public concern. But "an employee's speech, activity or association" does not become a matter of public concern "merely because it is union-related[.]" *Akers v. McGinnis*, 352 F.3d 1030, 1038 (6th Cir. 2003) (quotation marks omitted). The speech itself must still involve a matter of public concern in order for the First Amendment to protect it. *See Van Compernolle v. City of Zeeland*, 241 F. App'x 244, 252 (6th Cir. 2007). And the speech here does not.

Apart from the petition, Golembiewski alleges that the defendants fired her because she was running for Unit Director of her union. Yet she did not fairly present this union-campaign theory to the district court. In her complaint, Golembiewski mentioned her campaign only as a background fact—she did not mention it in any of her claims for relief. Likewise, in her response to the defendants' summary-judgment motion, Golembiewski focused almost entirely on the attendance policy. At one point, Golembiewski did say that she was "fired for acts which comprised a campaign for more union democracy." The very next sentence makes clear, however, that the acts she was referring to were her demands for "rescission of an improperly-imposed, management-dictated attendance policy." Thus, Golembiewski never separately alleged that the defendants fired her because she was running for union office. Moreover, our law is clear: when a plaintiff fails to assert a theory in her complaint, she may not raise it for the first time in response to the defendants' summary-judgment motion. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007).

The district court's judgment is affirmed.

No. 12-3272
*Golembiewski v. Logie, et al.*

MERRITT, Circuit Judge, dissenting. I respectfully dissent from the majority's opinion. I agree that the attendance policy is not a matter of public concern. I also agree that the petition does not become protected simply because it was union-related or because Golembiewski submitted it to the State Employment Relations Board. However, Golembiewski alleges not only that she was fired for her petition, but also that she was fired for her campaign in a union election. My colleagues do not believe that Golembiewski presented the issue to the district court and therefore decline to address it. I concede that the complaint did not clearly articulate this theory, but Golembiewski expressly stated it in her papers on summary judgment. She argued that her

> right to associate with union members as a candidate for union office was thwarted by political enemies in the [union] local . . . , who had ready access to allies in the Human Resources Department (the Defendants). They readily piled onto a union "outsider" who advocated more democratic control of the [union's] collective bargaining relations with management, rescission of the new University attendance policy, and provision of union representation to members facing discipline.

In other words, Golembiewski claimed retaliation for the overall content of her campaign, not only for the petition. That the district court failed to squarely address this argument should not prevent us from doing so. Even the more so when, as here, the defendants do not claim waiver but instead engage the theory in their brief. Appellee's Br. at 33–39.

If the merits of this appeal were fully decided, I would remand for trial. The materials presented to the district court show that Golembiewski based her campaign for office on the idea that the union and management had become too conciliatory, a problem of which the attendance policy was merely a symptom. Golembiewski's theory of union-management relations may or may not be meritorious, but her allegations were undoubtedly of public concern. One need only read a

-4-

newspaper to know that union independence is currently a topic of hot debate, particularly in Golembiewski's neck of the woods. Moreover, I do not believe that the plaintiff's campaigning was so detrimental to workplace tranquility as to justify the defendants' actions against her. *See Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). And I think there is evidence that would permit a jury to find the defendants punished Golembiewski because of her campaign. If it is not enough that she was banned from campus a mere eight days before the union election, the record suggests that the severity of the discipline and the doggedness with which the defendants pursued it was disproportionate to the gravity of the stated charges.

Of course, the Constitution provides no right to be free from pettiness and abuse in the government workplace. But where that abuse is motivated by exercise of First Amendment rights, a remedy is required. Because Golembiewski's union campaign was protected and a jury could find that it motivated the defendants' adverse actions against her, I would reverse the district court's order and remand for trial.