KETHLEDGE, Circuit Judge.
Joann Golembiewski worked as a secretary for the University of Toledo until her termination in 2009. Golembiewski thereafter brought a 42 U.S.C. § 1983 suit against three University employees — William Logie, Joseph Klep, and Connie Rubin — alleging that they violated her First Amendment rights when they fired her. The defendants moved for summary judgment on qualified-immunity grounds, which the district court granted. This appeal followed.
Golembiewski’s complaint alleged that she was fired because she started a petition to rescind the University’s new employee-attendance policy. During oral argument before this court, Golembiew-ski’s counsel agreed that the complaint’s allegations were based on that petition, which in turn addressed only the attendance policy. Thus, to prevail on her First Amendment retaliation claim, Golembiew-ski must prove among other things that the attendance policy was a matter of public concern. See Handy-Clay v. City of Memphis, 695 F.3d 531, 540 (6th Cir.2012). She cannot do so. Speech addresses a matter of public concern when it relates to a “matter of political, social, or other concern to the community.” Id. at 543 (quotation marks omitted). The University’s employee-attendance policy is not that type of concern. Instead, Golembiewski’s petition is better characterized as an “employee grievance concerning internal office policy,” which is something that only the employees themselves would be concerned about. See Connick v. Myers, 461 U.S. 138, 154, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).
Golembiewski disputes this conclusion in two ways. First, she argues that she submitted the petition to the Ohio State Employment Relations Board as part of an unfair-labor-practices charge. But that does not convert the attendance policy into a matter of public concern. Golembiewski admitted that the purpose of her appeal to the Board was “to rescind the attendance policy,” not to inform the public about the issue. Thus, her purpose was still to “air or remedy grievances of a purely personal nature.” Gragg v. Somerset Technical Coll., 373 F.3d 763, 767 (6th Cir.2004) (quotation marks omitted).
Second, she argues that her speech was union-related, which she says makes it per se a matter of public concern. But “an employee’s speech, activity or association” does not become a matter of public concern “merely because it is union-related[.]” Akers v. McGinnis, 352 F.3d 1030, 1038 (6th Cir.2003) (quotation marks omitted). *478 The speech itself must still involve a matter of public concern in order for the First Amendment to protect it. See Van Compemolle v. City of Zeeland, 241 Fed.Appx. 244, 252 (6th Cir.2007). And the speech here does not.
Apart from the petition, Golem-biewski alleges that the defendants fired her because she was running for Unit Director of her union. Yet she did not fairly present this union-campaign theory to the district court. In her complaint, Golem-biewski mentioned her campaign only as a background fact — she did not mention it in any of her claims for relief. Likewise, in her response to the defendants’ summary-judgment motion, Golembiewski focused almost entirely on the attendance policy. At one point, Golembiewski did say that she was “fired for acts which comprised a campaign for more union democracy.” The very next sentence makes clear, however, that the acts she was referring to were her demands for “rescission of an improperly-imposed, management-dictated attendance policy.” Thus, Golembiewski never separately alleged that the defendants fired her because she was running for union office. Moreover, our law is clear: when a plaintiff fails to assert a theory in her complaint, she may not raise it for the first time in response to the defendants’ summary-judgment motion. BridgepoH Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir.2007).
The district court’s judgment is affirmed.