**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD DOYLE; ROBERT DEUEL;
BENEDICT MILLER; and CHARLES
STEINBERG,
              *Plaintiffs-Appellants,*

              v.                              No. 07-35753
                                              D.C. No.
CITY OF MEDFORD, an Oregon                    CV-06-03058-PA
municipal corporation; and
MICHAEL DYAL, City Manager of                 OPINION
the City of Medford, in his official
capacity and as an individual,
              *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued March 3, 2009;
Resubmitted April 16, 2010
Portland, Oregon

Filed May 26, 2010

Before: Susan P. Graber, Raymond C. Fisher, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Graber

**COUNSEL**

Stephen L. Brischetto, Portland, Oregon, for the plaintiffs-appellants.

Robert E. Franz, Jr., Law Office of Robert E. Franz, Jr., Springfield, Oregon, for the defendants-appellees.

---

**OPINION**

GRABER, Circuit Judge:

Plaintiffs, who are former employees of Defendant City of Medford ("City"), allege that the City's policy of denying health insurance coverage to retirees violates their due process rights. Specifically, Plaintiffs contend that Oregon Revised Statutes section 243.303 and City Resolution No. 5715 confer on them a property interest in post-retirement health insurance coverage that is protected by the Due Process Clause of the Fourteenth Amendment. Section 243.303 provides that a local government that offers health insurance coverage to its officers and employees "shall, insofar as and to the extent possible, make that coverage available for any retired employee" who elects it. We certified a question as to the interpretation of this provision to the Oregon Supreme Court and received that court's answer. We now conclude that, under the Oregon Supreme Court's interpretation of section 243.303, neither that statute nor Resolution No. 5715 creates a protected property interest. Accordingly, we affirm the district court's entry of summary judgment to Defendants on Plaintiffs' due process claim.

In 1981, the Oregon Legislative Assembly enacted Oregon Revised Statutes section 243.303(2), which read:

> The governing body of any local government that contracts for or otherwise makes available health

care insurance coverage for officers and employe[e]s of the local government *may, in so far as [sic] and to the extent possible*, make that coverage available for retired officers and employe[e]s of the local government and for spouses and unmarried children under 18 years of age of those retired officers and employe[e]s. The governing body may prescribe reasonable terms and conditions of eligibility and coverage, not inconsistent with this section, for making that coverage available. The local government may agree to pay none, part or all of the cost of making that coverage available.

1981 Or. Laws ch. 240, § 1 (emphasis added).

In 1985, the Oregon legislature amended the statute. 1985 Or. Laws ch. 224, § 1. The legislature replaced the discretionary word "may" with the mandatory word "shall." The legislature also inserted a provision stating that the local government "may, but need not" make coverage available after a retired employee or that employee's spouse becomes eligible for Medicare or a retired employee's child reaches the age of majority. The statute currently reads:

The governing body of any local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government *shall, insofar as and to the extent possible*, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age. The health care insurance coverage *shall be made available* for a retired employee until the retired employee becomes eligible for federal Medicare coverage, for the spouse of a retired employee

until the spouse becomes eligible for federal Medicare coverage and for a child until the child arrives at majority, *and may, but need not, be made available thereafter.* The governing body may prescribe reasonable terms and conditions of eligibility and coverage, not inconsistent with this section, for making the health care insurance coverage available. The local government may pay none of the cost of making that coverage available or may agree, by collective bargaining agreement or otherwise, to pay part or all of that cost.

Or. Rev. Stat. § 243.303(2) (emphases added).

In 1986, the City adopted Resolution No. 5715, which set forth the City's plan for complying with section 243.303. The Resolution interprets section 243.303 as requiring "that continuation of health insurance be offered to employees who retire from City service." The Resolution provides that "[a] retiree shall have a sixty (60) day period from the date of retirement in which to elect coverage." Under the Resolution, "[a]n otherwise qualified retiree may continue on the program until the earliest of" several events, including the retiree's attainment of Medicare eligibility, termination of insurance coverage by the City or its carrier, or termination of the retiree program by the City.

Before 1990, the City permitted all employees to elect to continue their health insurance coverage upon retirement. In 1990, however, the City negotiated with its police officers' union for a health insurance program that did not give officers the opportunity to continue coverage after retirement. In 2001, the City placed management-level employees under that same health insurance program, which does not cover retirees. In 2002, the City placed non-management employees of its Parks and Recreation Department and its Public Works Department in the same program.

The City contracts with the Oregon Teamsters Employers Trust to provide health insurance to its employees. The Teamsters' contract with the City states: "[P]articipants are not allowed to participate in the Trust's Retiree Plan or any insured or HMO option available through it." This provision means that retirees are excluded from coverage under the Teamsters' plan. The members of the Teamsters are responsible for voting on the extent of coverage. According to the City, the Teamsters were willing to provide health insurance benefits to retired employees, but only "if the members of the Teamsters voted for such coverage." To date, the members have not approved an extension of health insurance benefits to retirees.

Although the City does not provide health insurance coverage after retirement, retirees can choose to remain covered for 18 months after their retirement under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§ 1161-1168. After that 18-month period expires, retired employees can enroll in the Oregon Public Employees Retirement System Health Insurance Program, into which the City has paid so that its retired employees can obtain coverage.

In August 2006, Plaintiffs filed suit against the City and City Manager Michael Dyal. Plaintiffs are former City police officers or management-level employees who have retired and who have been denied benefits under the Teamsters' plan. Plaintiffs alleged that Defendants had violated Resolution No. 5715 and Oregon Revised Statutes section 243.303; the Due Process Clause of the Fourteenth Amendment; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the parallel Oregon age discrimination statute, Or. Rev. Stat. § 659A.030. The district court granted summary judgment on the due process and the ADEA claims.[1]

---

[1]The district court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and Plaintiffs refiled them in state court. *See*

In its order granting summary judgment, the district court held that neither section 243.303 nor Resolution No. 5715 afforded Plaintiffs a constitutionally protected property interest. The court reasoned that the statute's text did not "sufficiently limit the conditions under which the City would be required to extend health insurance coverage to retirees." Because a protected property interest is a prerequisite to a due process claim, the district court concluded that Plaintiffs' claim failed as a matter of law. Plaintiffs appealed.[2]

In a decision filed last year, we determined that section 243.303 was ambiguous as to how much discretion it conferred on local governments. *Doyle v. City of Medford*, 565 F.3d 536, 541-42 (9th Cir. 2009) (order). Whether the statute significantly constrains the discretion of local governments is central to our analysis of the alleged property interest. Because no Oregon appellate court had construed the state-law provision at issue, we certified a question to the Oregon Supreme Court. We asked the Oregon Supreme Court:

> What amount of discretion does Oregon Revised Statutes section 243.303 confer on local govern-

---

*Doyle v. City of Medford*, Case No. 08-0137-L7, Circuit Court of Jackson County (complaint filed Jan. 9, 2008). The disposition of those claims does not affect our analysis of Plaintiffs' federal due process claim. The Oregon circuit court granted summary judgment in favor of Plaintiffs Ronald Doyle and Benedict Miller on their claim that Defendants violated Oregon Revised Statutes section 243.303 by failing to offer health insurance coverage to retirees. But the circuit court entered judgment before the Oregon Supreme Court interpreted that statute in response to our certified question. The circuit court also ruled that the statute of limitations barred Plaintiffs Robert Deuel and Charles Steinberg's claims under Oregon Revised Statutes section 243.303. In addition, the court granted summary judgment in favor of Plaintiffs Doyle and Deuel on their breach of contract claims. Trial is set for June 2010 on all remaining claims.

[2]Plaintiffs also appealed their ADEA claim. Last year, in an unpublished disposition, we reversed the district court's grant of summary judgment on the ADEA claim. *Doyle v. City of Medford*, 327 F. App'x 702 (9th Cir. 2009) (unpublished decision).

ments to determine whether or not to provide health insurance coverage to their employees after retirement?

*Id.* at 544. The Oregon Supreme Court accepted the certified question. *Doyle v. City of Medford*, 210 P.3d 907 (Or. 2009) (table).

The Oregon Supreme Court "reject[ed] the city's position that the statute delegates to the city discretion to make health insurance coverage available to retired employees." *Doyle v. City of Medford*, 227 P.3d 683, 692 (Or. 2010). Rather, the Court held that "local governments have an obligation to make health insurance coverage available to retirees, but that there may be factual circumstances that excuse that obligation." *Id.* at 690. What constitutes compliance with this standard "will depend on the circumstances of each case and cannot be determined in the abstract." *Id.* at 687. It is the government's burden to show circumstances sufficient to excuse the obligation. *Id.* at 692. The mere fact that, as here, a government's chosen insurance provider does not offer coverage for retirees is insufficient to excuse the obligation. *Id.*

However, the Oregon Supreme Court also rejected the argument that the obligation may be excused only by "actual impossibility." *Id.* The statute "was not intended to be unduly burdensome," and what is possible (in the words of the statute) may depend on a government's other undertakings to provide services and to fulfill statutory and contractual duties. *Id.* Furthermore, "the phrase 'insofar as and to the extent possible' was intended to create flexibility within the statute as a whole." *Id.* at 691. Thus, even if it is not "possible" for a local government to make available to retirees health insurance coverage *identical* to that offered to current employees, the statute requires the government "to make *some* coverage available" insofar as and to the extent possible. *Id.* at 690.

With the Oregon Supreme Court's construction of section 243.303 to assist us, we now consider whether the statute or

Resolution No. 5715 creates a property right under the federal Due Process Clause to health insurance coverage for retired employees. We review de novo a district court's grant of summary judgment. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

**[1]** The Due Process Clause of the Fourteenth Amendment protects persons against the deprivation of property without due process of law. U.S. Const. amend. XIV, § 1. But the United States Constitution does not itself create property interests. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Here, Plaintiffs contend that section 243.303 and City Resolution No. 5715 support "a legitimate claim of entitlement," *id.*, to health insurance coverage for retired employees. Of course, not every statute authorizing a benefit creates a property interest. It is our task to determine whether section 243.303 or Resolution No. 5715 does.

Section 243.303 does not fit neatly among the statutes and ordinances that case law informs us create, or fail to create, protected property interests. Section 243.303 is unusual: It mandates a benefit the contours of which cannot be fixed in advance and which may be withdrawn entirely under circumstances that cannot be determined in the abstract—all without granting any discretion to the government responsible for providing the benefit. Nevertheless, we conclude from the principles derived from Supreme Court and our precedents that neither the statute nor the resolution here creates a property interest. We reach this conclusion because section 243.303 does not contain a particularized standard, because the nature and extent of the entitlement that it allegedly creates are too indeterminate, and because it allows local governments extensive functional discretion regarding whether and to what

extent it will be possible to offer health insurance coverage to retirees.

[2] A regulation granting broad discretion to a decision-maker does not create a property interest. *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980). "Whether an expectation of entitlement is sufficient to create a property interest will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the decisionmaker." *Allen v. City of Beverly Hills*, 911 F.2d 367, 370 (9th Cir. 1990) (internal quotation marks and brackets omitted).

[3] The Oregon Supreme Court informs us that section 243.303 does not "delegate[ ] to the city discretion to make health insurance coverage available to retired employees." *Doyle*, 227 P.3d at 692. Instead, "local governments have an obligation to make health insurance coverage available." *Id.* at 690. The statute's use of the word "shall," then, constitutes "mandatory language that restricts the discretion of the decisionmaker." *Allen*, 911 F.2d at 370 (internal quotation marks and brackets omitted). But our analysis does not end with the absence of discretion.[3]

[4] Under section 243.303, "there may be factual circumstances that excuse th[e] obligation" to make insurance coverage available to retirees. *Doyle*, 227 P.3d at 690. As the Oregon Supreme Court noted, "[l]ocal governments exist to provide government services, and they have statutory and contractual obligations to employees, retirees, and the citizens

---

[3]It is, however, this absence of discretion that makes inapt a simplistic reliance on cases in which courts have held that the phrase "in so far as possible" barred a property right. *E.g.*, *Wallace v. Robinson*, 940 F.2d 243, 246 (7th Cir. 1991) (en banc); *Newsome v. McElhinney*, No. 85-318, 1990 WL 6813, at *3 (N.D. Ill. Jan. 10, 1990) (unpublished). *Wallace* and *Newsome* interpreted that phrase as conferring discretion, but the Oregon Supreme Court interpreted similar text in section 243.303 as *not* conferring discretion.

within their jurisdictions." *Id.* at 692. The impossibility excuse creates "flexibility" in the statute, *id.* at 691, although that flexibility depends on the state of the world—the facts giving rise to impossibility—rather than on an explicit grant of discretion.

A factual contingency does not necessarily preclude the creation of a protected property interest. Our precedents instruct us that a statute may create a property interest if it mandates a benefit when specific non-discretionary factual criteria are met. *See, e.g.*, *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 63-64 (9th Cir. 1994) (holding that a property interest is created by an ordinance requiring the city to issue an operating license if a coin-operated machine satisfies the regulatory definition of a "game of skill"); *Parks v. Watson*, 716 F.2d 646, 657 (9th Cir. 1983) (per curiam) (holding that a property interest is created by a statute requiring that a city, when considering a petition to vacate a street, determine if notice has been given, if the affected property owners have consented, and if the vacation will prejudice the public interest).

**[5]** However, we have also explained that a statute must contain " 'particularized standards or criteria' " to create a property interest. *Allen*, 911 F.2d at 370 (quoting *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1436 (9th Cir. 1986)). In *Allen*, we held that an ordinance providing that a city "may abolish any position" when "in the judgment of the Council it becomes necessary in the interests of economy or because the necessity for a position no longer exists," gave the government "broad discretion," rather than imposing "particularized standards or criteria that *significantly* constrain." *Id.* at 370-71 (emphasis added) (internal quotation marks and alteration omitted). Thus, it did not create a protected property interest. *Id.* at 372. Similarly, in *Shanks*, we held that a statute containing several open-ended criteria, as well as one that looked to "other factors of public interest," did not contain "particularized standards" that significantly

constrained discretion. 540 F.3d at 1091 (internal quotation marks omitted).

In some cases, even an unparticularized criterion may still contribute to the creation of a property interest if it is accompanied by other, more particularized criteria. For instance, in *Parks*, 716 F.2d at 657, "an articulable standard" involving whether the public interest would be prejudiced, "while obviously giving a certain amount of play in the decisional process," sufficed, in combination with two specific factual criteria—notice and consent—to create a property interest. But we have never held that an unparticularized standard alone may create a protected property interest.

**[6]** Here, the "insofar as and to the extent possible" standard in section 243.303 is similar to—if not even less particularized than—the "necessity" standard that failed to create a property interest in *Allen*. Moreover, section 243.303 does not contain any additional and more particularized criteria for a local government's decision to offer health insurance coverage to retirees.

Section 243.303 does contain a condition precedent: A local government must make health insurance coverage available to retirees only if the government offers such coverage to current officers and employees. But that condition is not a criterion limiting the government's assessment of the real-world circumstances that would excuse its obligation to cover retirees. Rather, the condition simply triggers application of the "insofar as and to the extent possible" standard. Thus, the condition sets the decision in motion, but does not guide it. This fact distinguishes the present statute from those, such as the one examined in *Parks*, in which several criteria (both specific and general) directly affect the government's decision whether to confer the benefit. Nor does the statute's requirement that an employee make a timely election, *if* the local government offers benefits to him or her, affect the local government's decision *whether* to offer a benefit in the first place.

In short, section 243.303 contains no criteria to guide the local government, apart from the "insofar as and to the extent possible" standard. Hence, *Allen* suggests that section 243.303 fails to create a property interest.[4]

**[7]** Our conclusion that the standard of section 243.303 is insufficient to create a property interest is also bolstered by the fact that the entitlement allegedly created by it is indeterminate. "[I]ndeterminacy is not the hallmark of a duty that is mandatory. Nor can someone be safely deemed 'entitled' to something when the identity of the alleged entitlement is vague." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 763 (2005). In *Castle Rock*, a Colorado statute provided that an officer "shall use every reasonable means to enforce a restraining order" and "shall arrest, or, if an arrest would be impractical under the circumstances, seek a warrant for the arrest of a restrained person" under certain circumstances. *Id.* at 759 (emphasis omitted). The Supreme Court held that the statute did not create a property right because it did not specify whether it mandated that police arrest the plaintiff's husband, that they seek a warrant for his arrest, or that they use every reasonable means to enforce the restraining order. *Id.* at 763.

**[8]** Here, as in *Castle Rock*, the nature and extent of the alleged entitlement are vague. Qualifying retirees in Oregon are not assured of coverage by health insurance identical to that provided to a local government's current employees. The statute

> recognizes that it may not be possible for a local
> government to make the same coverage available to

---

[4]*Allen* does not decide this case, because it is not directly on point. The ordinance in *Allen* "[gave] the City broad discretion." 911 F.2d at 371. Here, by contrast, the Oregon Supreme Court interprets section 243.303 as imposing an obligation tempered by conditions for excusing its fulfillment, not as granting discretion.

> retirees that it makes available to current employees, but that, in that event, "insofar as and to the extent" that it is possible to make *some* coverage available to retirees, in light of all the circumstances, it is obligated to do so.

*Doyle*, 347 Or. at 575. Because section 243.303 does not make health insurance an all-or-nothing proposition, and because whether or how much insurance will be "possible" cannot be determined in advance, *Castle Rock* counsels that section 243.303 does not create a protected property interest.

We acknowledge that the indeterminacy of section 243.303 is distinguishable in one sense from that of the Colorado statute in *Castle Rock*. The Colorado statute was irreducibly indeterminate; there would never be any way to pin down which action it required of police. Here, the statute requires precisely whatever is possible, up to coverage identical to that available to current employees. But what this requirement will yield is unpredictable in the abstract and scarcely provides "an expectation of entitlement." *Jacobson*, 627 F.2d at 180.

Finally, we note that section 243.303, although not conferring any discretion over the decision to offer health insurance coverage to retirees, does effectively allow local governments a form of functional discretion. Those governments have functional discretion—especially in the long run—over whether it will be "possible" to offer health insurance to retirees because they have wide discretion about what services they offer, what contractual obligations they undertake, and what taxes they levy on their citizens. "Only if the governing statute compels a result upon compliance with certain criteria, *none of which involve[s] the exercise of discretion by the reviewing body*, does it create a constitutionally protected property interest." *Shanks*, 540 F.3d at 1091 (internal quotation marks omitted) (emphasis added). Thus, a statute does not create a property right if it allows the decision-making body discretion to add an additional criterion, *Thornton v.*

*City of St. Helens*, 425 F.3d 1158, 1165-66 (9th Cir. 2005), or to define its own criteria, *Shanks*, 540 F.3d at 1091. Although the functional discretion afforded by section 243.303 is much more attenuated than the discretion simply to add or define the criteria for a benefit, it is still to some degree inconsistent with the mandatory nature of a property right.

Ultimately, these considerations combine to demonstrate that section 243.303 cannot sustain a due process claim. We hold that section 243.303 does not create a protected property interest because "insofar as and to the extent possible" is not a particularized standard, because the nature and extent of the entitlement that section 243.303 allegedly creates are too indeterminate, and because the statute allows local governments extensive functional discretion.

**[9]** We turn, then, to a consideration of Resolution No. 5715. The Resolution's purpose is to set the terms and conditions for provision of health insurance coverage "in compliance with ORS 243.303." To the extent that the Resolution merely duplicates the obligation of section 243.303, it too must fail in creating a property interest.

**[10]** And if we consider the Resolution on its own terms, Plaintiffs' claim similarly fails. The Resolution provides that health insurance coverage will cease upon "[t]ermination of the insurance coverage by the City or its carrier" or upon "[t]ermination of the retiree program by the City." No criteria are given for those decisions. The Resolution might require implicitly that a decision to terminate the retiree program or insurance coverage be "reasonable," *Jacobsen*, 627 F.2d at 180, or that it be made only when "it becomes necessary in the interests of economy," *Allen*, 911 F.2d at 371 (internal quotation marks omitted). As we have seen, though, those types of constraints are insufficient to create a property interest. Because the Resolution includes this discretionary loophole for any obligation that it might impose, it cannot by its own terms create a protected property interest.

**[11]** In conclusion, the district court properly determined that neither Oregon Revised Statutes section 243.303 nor Resolution No. 5715 creates a property interest protected by the Due Process Clause of the Fourteenth Amendment. We affirm the district court's grant of summary judgment on Plaintiffs' due process claim.

AFFIRMED in part.[5] The parties shall bear their own costs on appeal.

---

[5]We previously reversed the district court's grant of summary judgment on Plaintiffs' ADEA claim. *See supra* note 2.