**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES WIPER, INC., an Oregon
corporation,

               Plaintiff - Appellant,

  v.

CITY OF EUGENE, an Oregon
municipality,

               Defendant - Appellee.

No. 11-35401

D.C. No. 6:08-cv-06226-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted May 7, 2012
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

We affirm the district court's grant of summary judgment to the City of

Eugene on Charles Wiper, Inc.'s procedural due process, substantive due process,

and equal protection claims under 42 U.S.C. § 1983.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Wiper's application for benefits under Measure 37 did not create a protected property interest because the "nature and extent of the alleged entitlement [under Measure 37] are vague," "indeterminate," and subject to the "functional discretion" of the public entity evaluating its claim. *See Doyle v. City of Medford*, 606 F.3d 667, 675 (9th Cir. 2010). Wiper has not established that it is entitled to benefits under Measure 37. Even if it were entitled to some benefits, the City could have awarded a Measure 37 waiver rather than pay just compensation, Or. Rev. Stat. § 197.352(8) (2005), and could have granted a materially different waiver than that sought by Wiper, *see, e.g., Corey v. Dep't of Land Conservation & Dev.*, 152 P.3d 933, 934 (Or. Ct. App. 2007). Alternatively, the City could have determined that Wiper was eligible for an award of just compensation, but then exercised its discretion to not use "available funds" to pay the award. *See* Or. Rev. Stat. § 197.352(10). Because the benefit Measure 37 will yield to an applicant "is unpredictable in the abstract and scarcely provides 'an expectation of entitlement,'" *Doyle*, 606 F.3d at 675 (quoting *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980)), Wiper's procedural due process claim on that ground fails.

Wiper's claimed interest in the processing of its Measure 37 claim also fails, because it is at best "an entitlement to nothing but procedure," which is insufficient to create a protected property interest. *See Town of Castle Rock v. Gonzales*, 545

2

U.S. 748, 764 (2005). Finally, Wiper had no protected property interest in the vesting of its Measure 37 waiver under Measure 49 because it had not obtained a Measure 37 waiver. *See* Or. Laws 2007, Ch. 424 § 5(3); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60–61 (1999).

Because Wiper could not demonstrate that it acquired any protected property interest by filing for benefits under Measure 37, we also affirm the district court's grant of summary judgment to the City on Wiper's substantive due process claim. *See Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011).

In cancelling Wiper's hearing, the City did not treat Wiper differently than similarly situated parties with then pending applications for relief under Measure 37. Therefore, Wiper's equal protection claim also fails.

**AFFIRMED.**