**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGILIO ORCILLA; TEODORA ORCILLA, | No. 11-16727 |
| Plaintiffs - Appellants, | D.C. No. 5:10-cv-03931-HRL |
| v. | MEMORANDUM[*] |
| BANK OF AMERICA, N.A.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted May 14, 2013[***]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Virgilio and Teodora Orcilla appeal pro se from the district court's judgment

dismissing their action arising from foreclosure proceedings.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011), and we affirm.

The district court properly dismissed the Orcillas' federal breach of contract claim because the Orcillas were not intended third-party beneficiaries of the Servicer Participation Agreement.  *See GECCMC, 2005-C1 Plummer St. Office L.P. v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, rather than intended beneficiaries, and so may not enforce the contract absent a clear intent to the contrary."  (citation and internal quotation marks omitted)); *Klamath Water Users Protective Assoc'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999) (plain language of government contract was sufficient to show lack of intent to grant third-party beneficiary rights).

The district court properly dismissed the Orcillas' procedural due process claim because the Orcillas did not have a protected property interest in modification of their mortgage loan.  *See Doyle v. City of Medford*, 606 F.3d 667, 672 (9th Cir. 2010) (government program granting decision-maker broad discretion does not create a property interest); *see also Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972) (procedural protections of due process clause are triggered only when there is a cognizable liberty or property interest at stake).

The district court properly dismissed the Orcillas' Racketeer Influenced and Corrupt Organizations Act claim because the allegations in their complaint did not set forth facts demonstrating the requisite pattern of racketeering activity involving more than one transaction. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (pattern requires more than one scheme with a "single purpose which happen[s] to involve more than one act taken to achieve that purpose").

The district court did not abuse its discretion by denying the Orcillas leave to file an amended complaint because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Orcillas' state law claims after dismissing their federal claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (setting forth the standard of review).

We deny Big Sur, Inc.'s request for judicial notice, filed on December 9, 2011.

**AFFIRMED.**