NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMOSA ON METROPOLE, LLC, a California limited liability company; HERMOSA NNN, LLC,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF AVALON, a municipal corporation,<br><br>Defendant-Appellee. | No.   14-56433<br><br>D.C. No. 2:13-cv-02439-AB-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted August 5, 2016
Pasadena, California

Before: **KOZINSKI** and **WARDLAW**, Circuit Judges, and **BENCIVENGO**,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

**1.** Hermosa's Due Process and Takings Clause claims require a constitutionally protected interest in the autoette permits for which it applied. See Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (Due Process Clause); McIntyre v. Bayer, 339 F.3d 1097, 1099 (9th Cir. 2003) (Takings Clause). A protected property interest exists when an individual has a "legitimate claim of entitlement" that derives from "existing rules or understandings." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Whether a statute establishes such a claim depends "largely upon the extent to which the statute contains mandatory language that restricts the discretion of the decisionmaker." Doyle v. City of Medford, 606 F.3d 667, 673 (9th Cir. 2010) (citation and internal quotation omitted). Here, the relevant statute is the city's ordinance governing the issuance of autoette permits. The ordinance says that permits "may be granted," not that they must. Avalon, Cal., Code § 4-4.1703(g)(1) (emphasis added). There is likewise no property right based on a "mutually explicit" understanding between Hermosa and Avalon. See Perry v. Sindermann, 408 U.S. 593, 601 (1972). Hermosa is a commercial enterprise applying for a large number of residential permits in a small island community with good reason to be concerned about traffic. Avalon has a separate procedure for commercial enterprises, and Hermosa is free to avail itself of that

process.  But Hermosa established no constitutionally protected property interest in residential permits.

**2.**  Hermosa's equal protection claims do not require a constitutionally protected property interest.  See Outdoor Media Grp. v. City of Beaumont, 506 F.3d 895, 903 (9th Cir. 2007).  Hermosa can succeed on these claims if it shows that it was intentionally treated differently from others, and that the difference in treatment lacked a rational basis.  See Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011).  The district court properly rejected these claims.  Even if Hermosa could establish that it was intentionally singled out, a small island community might rationally be concerned about a large increase in autoettes and who obtains them.  A sudden addition of 32 autoettes may have exceeded the island's optimal parking or traffic capacity; owners and occupants may be different kinds of drivers.  These reasons don't need to clear a high bar:  A rational basis "may be based on rational speculation unsupported by evidence or empirical data." F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993).  The city did not violate equal protection by denying Hermosa's application or distinguishing between mere owners and long-term occupants of city properties.

**AFFIRMED.**  The district court did not err in granting summary judgment to the city.